# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MARTHA JEANETTE SNOW,   :

 Plaintiff,        :

vs.            :     CA 13-0301-CB-C

CAROLYN W. COLVIN,    :
Acting Commissioner of Social Security,
              :

 Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on the Commissioner's unopposed motion to reverse the decision of the Administrative Law Judge and remand this action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*See* Doc. 19.) In support of her belief that this case should be remanded for further administrative proceedings, the Commissioner states the following:

> The Social Security Administration's Appeals Council has further reviewed the final decision of the Commissioner and has determined that a remand is appropriate. If the Court grants this motion, the Appeals Council would direct the administrative law judge (ALJ) to: further consider Plaintiff's residual functional capacity without relying on the State agency single decision maker assessment; further assess Plaintiff's credibility; and secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

(*Id.* at 1-2.)[1]

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the

---

 [1] Counsel for the defendant advised the office of plaintiff's counsel, Stephanie E. Balzli, Esquire, of the contours of the motion and was advised that plaintiff would interpose no objection to the requested relief. (*See id.* at 2.)

record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" it is **RECOMMENDED** that the government's unopposed motion be **GRANTED**, and that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 28th day of February, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**